UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM RUMSEY,

    Plaintiff,

 v.             Case No. 20-cv-257-pp

ANDREW M. SAUL,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

  The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

  To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

  Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is not employed, he is married, and he has a 4-year-old daughter he is responsible for supporting. Dkt. No. 3 at 1. The plaintiff lists monthly wages or salary of $914 per month for himself and $1,500 per month for his spouse (although he does not state the source of that income). Id. at 2. The plaintiff

1

states that his monthly expenses total $2,151.24, but the individual payments listed actually total $2,033.24 ($1,585.10 mortgage, $230.14 car payment, $100 credit card payments, $118 other household expenses). Id. at 2-3. The plaintiff owns a 2010 Honda Accord valued at approximately $4,258; he owns his home worth approximately $239,000, with equity of $80,574.14; he does not own any other property of value; and he has $229.15 in cash on hand or in a checking or savings account. Id. at 3-4. Even though the figures provided indicate that the plaintiff has about $380 per month remaining after he pays his bills, the court finds that the plaintiff has demonstrated he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied benefits for lack of disability, that he is disabled, and that the conclusions and findings of fact of the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early

2

stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 16th day of April, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**